Benjamin Freeman
Name and Prisoner/Booking Number

Tucson Complex, Manz. Unit
Place of Confinement

P.O. Box 24401
Mailing Address

Tucson, Az. 85734
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ___ LODGED
RECEIVED ___ COPY
JUL 0 2 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Benjamin Freeman,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Douglas Ducey
(Full Name of Defendant)

(2) David Shinn

(3) C.T. Wright

(4) P.A. Weizel

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

Jury Trial Demand

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Manzanita Unit, Santa Rita Tucson Complex

## Defendant's Con't I(A)

5. Richard Pratt - Division Director, Division of Health Services
6. Joe Profiri - ~~Division Director~~, Southern Regional Operations Director
7. Nataglia Weigel - Physicians Assistant
8. Natalie Bell, DR.                    CORIZON Health
9. CORIZON Health         Medical Providers
10. Centurion Health      Medical Providers
11. Louis Quinonez        Board member        Az. Board of Executive Clemency
12. David Neal            Board member              "
13. Michael Johnson       Board member              "              "
14. C.T. ~~Wor~~ Wright   ~~Ch~~ Chairman           "              "
15. Nurse Riley           Nurse               Provider, Manzanita Unit
16. Amy Link              Food Service        Trinity Director
17. Sgt. Nettles                              Manzanita Unit
18. ~~Chaplain Villanueves~~   ~~Chaplain~~    ~~Tucson Complex~~
19. Sgt. Baker            Security            Manz. Unit
20. D/W Martinez          Deputy Warden       Manz. Unit
21. Carson McWilliams     Director of Operations   ADC
21½. Warden Pacheco       Warden              Tucson Complex

22. All defendants are being ~~sued~~ in their individual capacities for violations of Plaintiff's Constitutional rights while acting under the color of STATE Laws and for damages.

23. Defendants, Doug DUCEY and, C.T. Wright, Michael Johnson, David Neal and Louis Quinonez, also being sued in their official capacities for injunctive relief ~~and damages~~.

I(A)

DEFENDANTS Cont.

23. This Lawsuit is about the COVID19 Pandemic and it's effects on Prisoners in the Arizona Dept. of Corrections. COVID19 transcends all barriers and boundaries, it is not biased, it does not discriminate because it includes all people except but for COVID19 it appears to have extreme prejudice against people of color. COVID19 is an equal opportunity dissaster for anyone it comes in contact with.

24. Plaintiff files this Lawsuit under Threat of "Imminent Danger of Serious Physical Injury."

25. All Defendants violated "clearly established statutory and/or constitutional rights of which a reasonable person would have known."

I (B)

1. 1.

## B. DEFENDANTS

1. Name of first Defendant: _Douglas Ducey_. The first Defendant is employed as: _Governor_ at _____
   (Position and Title)               (Institution)

2. Name of second Defendant: _David Shinn_. The second Defendant is employed as: _Director of ADC_ at _Arizona Dept. of Corrections_.
   (Position and Title)               (Institution)

3. Name of third Defendant: _C.T. Wright_. The third Defendant is employed as: _Chairman_ at _Az. Board of Clemency_.
   (Position and Title)               (Institution)

4. Name of fourth Defendant: _P.A. Weizel_. The fourth Defendant is employed as: _Physicians Asst._ at _Tucson Complex_.
   (Position and Title)               (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS — _See, Attached_

1. Have you filed any other lawsuits while you were a prisoner?     ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits: _This is an Imminent Danger of Serious Physical Injury lawsuit._
   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

# Select A Case

Benjamin Freeman is a plaintiff in 24 cases.

| Case | Title | Filed | Closed |
|---|---|---|---|
| 2:01-cv-01021-SMM--MS | Freeman v. Richardson, et al | filed 06/08/01 | closed 01/25/02 |
| 2:09-cv-00159-SMM--MHB | Freeman v. Tate et al | filed 01/26/09 | closed 04/07/09 |
| 2:09-cv-00985-SMM--MHB | Freeman v. Beck et al | filed 05/07/09 | closed 12/18/09 |
| 2:93-cv-00021-PGR-MS | Brooks, et al v. Lewis, et al | filed 01/05/93 | closed 07/23/93 |
| 2:93-cv-00424-SMM-SLV | Freeman v. Lewis, et al | filed 03/02/93 | closed 03/08/94 |
| 2:94-cv-00470-SMM-BGS | Freeman v. Durango Jail Medical, et al | filed 03/03/94 | closed 10/31/95 |
| 2:94-cv-00471-BGS | Freeman v. Arpaio, et al | filed 03/03/94 | closed 03/23/95 |
| 2:94-cv-00841-SMM-BGS | Freeman v. Arpaio, et al | filed 04/26/94 | closed 03/22/95 |
| 2:94-cv-00849-SMM-SLV | Freeman v. Watson, et al | filed 04/28/94 | closed 06/16/94 |
| 2:94-cv-00932-SMM-BGS | Freeman v. Lewis, et al | filed 05/09/94 | closed 02/15/95 |
| 2:94-cv-01065-SMM-BGS | Freeman v. Stoller | filed 05/27/94 | closed 02/15/95 |
| 2:94-cv-01085-SMM-BGS | Freeman v. Miller, et al | filed 06/01/94 | closed 02/15/95 |
| 2:94-cv-01086-SMM-BGS | Freeman v. Henderson, et al | filed 06/01/94 | closed 02/15/95 |
| 2:94-cv-01159-SMM-SLV | Freeman v. Russell | filed 06/09/94 | closed 09/07/94 |
| 2:94-cv-01218-MS | Freeman v. Arpaio, et al | filed 06/16/94 | closed 10/03/02 |

*Page 2 (B) Cont'*

CM/ECF - azd-Query : Case Search                                Page 2 of 2

| Case | Parties | Filed | Closed |
|---|---|---|---|
| 2:94-cv-01673-SMM-BGS | Freeman v. Arpaio, et al | filed 08/16/94 | closed 02/16/95 |
| 2:94-cv-01692-SMM-BGS | Freeman v. Arpaio, et al | filed 08/17/94 | closed 02/15/95 |
| 2:95-cv-01525-SMM-BGS | Freeman v. Arpaio, et al | filed 07/28/95 | closed 03/11/97 |
| 2:96-cv-01180-SMM-BGS | Freeman v. Stewart | filed 05/15/96 | closed 02/07/97 |
| 2:96-cv-01737-SMM-BGS | Joe v. Stewart, et al | filed 07/25/96 | closed 06/17/97 |
| 3:97-cv-00023-SMM-MS | Ramsey, et al v. Stewart, et al | filed 01/07/97 | closed 02/19/97 |
| 3:97-cv-00330-SMM-MS | Freeman, et al v. Stewart, et al | filed 02/19/97 | closed 03/28/02 |
| 3:98-cv-00261-SMM-SLV | Freeman v. Stewart, et al | filed 02/12/98 | closed 03/25/98 |
| 3:99-cv-01914-SMM-MS | Freeman v. Stewart, et al | filed 10/25/99 | closed 07/09/02 |
| STATE COURT | FREEMAN-V- Petsmart | filed 2008 2007 | Settled |
| STATE COURT | FREEMAN-V- Asimou | filed 2008 | Settled |
| STATE COURT | FREEMAN-V- Geico, Inc. | filed 2013 | Settled |
| STATE COURT CV2015-007860 | FREEMAN-V- Maricopa County | filed 2015 | Settled |

*Page 2(C), Con. 4*

# Select A Case

**Benjamin Freeman is a petitioner in 2 cases.**

2:96-cv-02673-SMM    Freeman v. State of Arizona, et al    filed 12/06/96   closed 08/18/97

2:98-cv-00168-SMM    Freeman v. Elliot, et al              filed 01/29/98   closed 06/24/99

### D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: **8th Amendment**

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Defendant, David Shinn acts with deliberate indifference to plaintiff's health and safety when failing to develope and implement a ~~plan~~ comprehensive plan to prevent and manage COVID19 in Arizona Prisons to include:
   1. Overcrowding beyond design capacity in the Tucson Complex Units
   2. Social Distancing in the Tucson Complex Units
   3. Reduction of prisoner population for high risk inmates throughout ADC prisons
   4. Emergency Early Release for the elderly (over age 65) prisoners that are non-violent, non dangerous to the community in all ADC prisons.
   5. Inadequate Medical Practices at Manzanita Unit
   6. Inadequate Screening Procedures by Security Staff by D/W Martinez and Capt. Baker.
   7. David Shinn's failure to provide face coverings, i.e. Masks to inmates living in buildings, i.e., housing Units, dormitories and Warehouses, above their design capacities where Social distancing is prohibited. Furthermore, he fails to provide Face Masks to the Aged prisoners, to prisoners with chronic illnesses. Plaintiff is at high risk because he is a Blackman. Plaintiff is over the age of 65, he suffers from high blood pressure, in 2007 he was assaulted,

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).   *See, (next page)*

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## Continuation of Count I

and wounded in the chest effecting his lungs, he is a non-smoker living in a dorm where cigarette smoke flows freely, and, Manzanita Unit was built approximately in 1983 and the air-ducts have not been cleaned. Plaintiff

8. David Shinn has been made aware of the above issues by the Prison Law Offices, the ACLU and other Attorneys regarding the health and care in Arizona State Prisons in an Emergency Motions in Federal Court on March 16, 2020. Defendant Shinn knew of but disregarded, an excessive risk to plaintiff/inmates safety & health.

9. Plaintiff is incarcerated under the above conditions posing a substantial risk of harm and David Shinn is "deliberately indifferent" to those risks.

### COUNT I (A)    8th Amendment – Threat to Safety

10. David Shinn, Director of ADCRR (Arizona Dept. of Corrections, Rehabilitation And Re-entry) [only] distributes fabric face coverings (NON-PPE's) to it's employees but acts with reckless disregard posing a substantial risk of harm when refusing to provide face coverings to the AGED non-violent prisoners, special risks of infection, i.e., plaintiff, and chronically ill. This is especially egregious because Defendant employs inmates to make these face coverings at Perryville, Douglas and Florence prisons yet inmates are prohibited from using or possessing them.

4

Continuation of COUNT I (A)

11. David Shinn is fully aware of COVID19 Pandemic do to the CDC's Guidelines and his own ADCRR's Infectious Disease Protocols when he recklessly disregards the distribution of face Masks to prisoners which creates an excessive risks to plaintiff's safety of which the inferences could be drawn. Face Masks are made by ADC's Arizona Correctional Industries (ACI) garment program.

Defendants conduct violates clearly established constitutional rights and are not privy to immunity.

## COUNT I (B)   8th Amendment   Threat to Safety

12. ADCRR Infectious Disease Protocols

ADCRR's ongoing COVID19 Management Strategy as developed by Director David Shinn and as enforced at Manzanita Unit defendants D/W Martinez and Capt. Baker is a threat to plaintiff's and other inmates health and safety. Examples of ADCRR's COVID19 security breaches are as follows:

13. a. During the month of April, 2020, Nurse Riley entered Manzanita Unit, Tucson Complex infected with COVID19 effectively Breaching ADCRR's COVID19 Management Strategy Security

5

Procedures and "health checks" whereby infecting inmates in building #6 ("b6" hereinafter). B6 is a terminal hospital Unit which Nurse Riley frequently visited causing (1) one to (4) four terminal patients to pass.

14. Upon the passing of the first inmate in B6, all General population inmates that were visited by Riley was transported to other prison units (after those inmates had lived in GP for 2 weeks). Eventually, Manzanita Unit was placed under Quarantine.

15.

a. During the month of March, 2020, Chaplain Villanuevos breached ~~stated~~ ADCRR's COVID19 Management Strategy Procedures when entering Manzanita Unit infected with COVID19. Plaintiff became aware of this ~~issue~~ because the Chaplain was interviewed on TELEMUNDO Television Station where he reported that he was infected by prisoners and he further stated he carried COVID19 to his home infecting his family.

16. b. Terminal patients in B6 are fed three (3) times daily. Their food trays are transported to them in large metal containers. In transporting food trays and metal containers, Trinity Kitchen staff at Manzanita Unit does not use proper sanitation practices of Sterilizing these Containers between trips while delivering trays to B6 where there has been confirmed cases of COVID19, causing cross contamination to the rest of the Unit. Trinity Supervisor, Amy Link fails to instruct staff on proper sanitation practices to help safeguard against the spread of COVID19.

5½

CONTINUATION OF COUNT I(B)

17. The food trays and metal containers used by terminal patients in B6 are then returned to the kitchen to be used by GP prisoners. Sgt. Nettles is the Security Supervisor in charge of the kitchen and shares in responsibility.

18. C.O.'s, Medical staff and prisoners enter B6 on a daily basis and inmate prisoners have duties such as sweeping floors, emptying patients bed pans, making beds. All staff, medical and inmates wear boots, shoes into B6. These shoes are not covered nor is are the prisoners clothes covered with smocks. COVID19 attaches to shoes and cloths. These same shoes and clothes worn by prisoners are then worn back to Manzanita Unit dormitories where inmates have tested positive for COVID19, and transferred to unknown units. The failure of Centurion Health Care professionals to provide a reasonably safe living conditions and working conditions (plaintiff does not work in B6 but he lives in the dormitory) where unsafe conditions exist violates the 8th Amendment.

COUNT I(C)  8th Amendment, Threat To Safety

19  Defendants, all ("members") of the Arizona Executive Board of Clemency to include, Chairman, Dr. C.T. Wright, and Board members, Louis Quinonez, David Neal and Michael Johnson ("Members, hereinafter") individually but collectively as "one body" creates a threat to plaintiff's health and safety when it fails to extend

6

or include an Emergency Early Release Plan for vulnerable to COVID19 prisoners (over the age of 65, high risk of COVID19 infection, chronically ill, non-violent, non-dangerous prisoners who are prohibited by ADC's Director and Governor from wearing face coverings and cannot social distance themselves do to overcrowding) to it's "imminent danger of death" Commutation of Sentence Application.

20. "Members" act with reckless disregard to plaintiff's health and safety when refusing as "one body" to use it's exclusive powers to pass upon and recommend reprieves, commutations, paroles and pardons to Governor Doug Ducey for the benefit of prisoners.

21. Plaintiff is incarcerated under conditions (overcrowding in dormitories beyond design capacity; air-ducts that have not been cleaned; cigarette smoke filled dormitories; prisoners cannot participate in social distancing; prisoners are prohibited from having, possessing and wearing face masks; Plaintiff was wounded in his chest affecting his lungs, shortness of breath) posing a substantial risk of harm and, "members" know of but are deliberately indifferent to the above condition of confinement. "Members" collectively and as "one body" are aware of the conditions because plaintiff informed "members" in his April 27, 2020 Commutation of Sentence Application to the Bd. of Executive Clemency.

22. "Members as a body of one" conduct violates clearly established constitutional rights and are not privy to immunity.

7

## COUNT I(D), 8th AMENDMENT - Threat to Safety

23. Defendant, Douglas Ducey, acts with reckless disregard of an excessive risks to plaintiff's and other inmates health and safety when he repeatedly states that he [will not consider] releasing people for COVID19. This Governor refuses to use his power of governorship during this COVID19 Pandemic noting the unpresidented circumstances facing the ADC system and, being extraordinary and compelling basis for release.

24. Defendant Doug Ducey recognizes the conditions posing a substantial risk of harm to prisoners (overcrowding in prisons preventing social distancing practices and the medical care was inadequate prior to the pandemic; face masks for inmates prohibited and [only] available to prison staff; the most vulnerable prisoners (the elderly and prisoners with preexisting medical conditions are not protected), and Doug Ducey i.e., governor is "deliberately indifferent" to those risks.

25. Defendant knows of, but disregards the many times inmates families has contacted him about the possibility of getting released early or temporarily from ADC custody. He has been contacted by advocate groups such as the Prison Law Offices and ACLU, but disregards these risks to prisoner safety. Plaintiff is at high risks to COVID19 as he is a Blackman. Plaintiff is over the age of 65, has chronic conditions, high blood pressure, he was wounded in the chest affecting

8

lungs, shortness of breath, he cannot practice Social Distancing and he's housed in a smoke filled dormitory. Defendants conduct violates clearly established ~~rights~~ constitutional rights.

## COUNT II

1. State the constitutional or other federal civil right that was violated: 8th Amendment

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

26. During 2019, Plaintiff informed Doctors Shute, Bell and Weizel that when he smells cigarette smoke his heart palpitates and he has shortness of breath. After that, Dr. Natalie Weizel had plaintiff transported at least five (5) times to Phoenix for a Cardiologist Consult with Specialist Dr. Adhan Seth. Upon plaintiff's last visit to Dr. Seth's office he explained that, "Your heart beats strong and is in good Condition" and that, he could do no more for Plaintiff." However, Dr. Seth did not examine plaintiff's lungs while he's in a smoke filled dormitory while coughing, having nose bleeds and congestion. Dr. Seth goes on to determine that plaintiff's were not of a Cardiac nature, and stated plaintiff may benefit from pulmonology visits. Plaintiff continued to suffer, he placed on HNR to be seen by a Provider, and request for Pulmonology Consult. Plaintiff was seen by Nurse Riley. As a result of Nurse Riley's exam determined that plaintiff does not meet the criteria to meet with a pulmonologist. Here, Plaintiff informed both defendants Bell and Weizel that when he smells cigarette smoke ... he has shortness of breath (externally verifiable). It was defendants (perception and feeling) that because plaintiff stated that, "his heart palpitates" that defendant recklessly misconstrued plaintiff's lung condition and scheduled him for a specialist Cardiologist Consult instead of a Pulmonologist Consult. Plaintiff suffered Nurse Riley acted with reckless disregard of Dr. Seths recommendation that plaintiff will benefit from a Pulmonologist Consult when denying plaintiff's request for pulmonologist visit. When defendant Riley only examined plaintiffs (next page)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Plaintiff suffered a wanton and unnecessary infliction of pain for over one (1) and ½ years while visiting a Cardiologist when he should have visited a pulmonologist because he smelled cigarette smoke on a daily basis and he "could not breath."

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## CONTINUATION OF COUNT II

heart when ignoring and overriding Dr. Leths recommendation to see a Pulmonologist for breathing issues. Defendant did not and recklessly failed to examine plaintiff under conditions of smelling cigarette smoke ... could not breath, coughing, choking and congestion.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27  Plaintiff exhausted his Administrative Remedies with respect to all claims and defendants however, his grievances are not grievable pursuant to the Prisons Inmate Grievance Procedure, yet, plaintiff appealed this procedure, just the same.

~~CLAIMS FOR RELIEF:~~
~~RELIEF:~~

## RELIEF:

Wherefore, Plaintiff request:

A.   Injunctive Relief

(28) Issue ORDER instructing David SHINN to Provide FACE Masks

11

For the Aged (over 65 years old) chronic illnesses, double bunked and prisoners who cannot participate in Social Distancing.

29. Issue Injunctive Relief to David Shinn to immediately create an Early Release Plan for the aged, chronically ill, high risk of infection to COVID19 that are non-violent, non-dangerous.

30. Issue an Injunction upon "members, body of one" of the Arizona Board of Executive Board of Clemency to immediately recommend to Gov. Ducey new guidelines for the Early Release of Elderly, chronically ill susceptible and high risks to prisoners (plaintiff) to COVID19 within the "members" Imminent Danger of Death provisions.

31. Issue Injunctive Relief upon David Shinn ordering him to insure that all medical, kitchen workers and inmates entering or leaving B6 for any reason must wear foot coverings over their shoes so there will be no more cross contamination to prisoners.

B.         AWARD COMPENSARY DAMAGES:

32. Award compensatory damages for mental anguish from increased risk of COVID19 infection, Fear. $120,000.00 Jointly and severally from Gov. Ducey, David Shinn, "members", RN Riley.

33  Punitive Damages ~~severally and jointly~~
Punitive damages from defendants Gov. Ducey's failure to provide an emergency release plan, $120,00. $150,000.00 for his failure to

12

mandate face masks.

34. Defendants "members", i.e., C.T. Wright, Louis Quinonez, David NEAL and Michael Johnson for failure to recommend probation, parole commutation of Sentence and to include COVID19 Early Release to susceptible, vulnerable prisoners/plaintiff to the Governor in their imminent danger of death provisions. $250,000.00 each.

35. Punitive damages from Corizon Health Care, Centurion Health providers NP Bell, P.A. Weizel, NP Riley, $250,000.00 each.

36. That because defendants refuse to use "Common Sense" in their any efforts to release any prisoners do to this COVID19 pandemic, plaintiff most humbly request this honorable Court to ORDER defendants to make Emergency Early Release of prisoners over the age of 65, chronically ill, high risk that are non-violent and non-dangerous.

37. Plaintiff further requests this Court appoint plaintiff Legal Counsel.

38. Plaintiff also requests Attorney fees.

39. Any other such Relief the Court See's fit.

13

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_See, Attached,_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/26/20
　　　　　　　　DATE

_Benjamin Freeman_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.