**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Freeman, | No. CV-20-00287-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Douglas Ducey, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. 45.) Plaintiff, who has recently been transferred to the Arizona State Prison Complex ("ASPC")-Florence, initiated this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement. (*See* Docs. 6, 48.) In the instant Motion, Plaintiff argues that the Court should appoint counsel because (1) he is unable to afford counsel and has been unable to find one willing to represent him pro bono; (2) he has limited access to mail, supplies, and legal resources due to his recent transfer to a high-level security housing unit where he is on 24-hour lockdown; (3) he has no legal training to self-litigate the complex issues in this case; (4) appointed counsel will better enable him to cross-examine witnesses at trial; (5) he is no longer housed at ASPC-Tucson and the Manzanita Unit, where his witnesses are located; and (6) his medical condition**s** will not allow him to represent himself adequately and thus cause an unfair trial process. (Docs. 45 and 51.) In response, Defendant asks that the Court defer ruling on Plaintiff's Motion to allow time for Plaintiff to (1) get vaccinated against COVID-19; (2) inform the

Court and Defendant whether he intends to continue pursuing this lawsuit; and (3) show cause as to why his injunctive relief claims are not moot. (Doc. 50.) Plaintiff opposes Defendant's Request. (Doc. 51.)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts lack the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct. for S. Dist. Of Iowa*, 490 U.S. 296, 310 (1989). District courts, however, do have discretionary authority to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether exceptional circumstances exist, courts consider the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered the aforementioned elements, the Court finds that no exceptional circumstances are present to warrant an appointment of counsel at this time. *See Wilborne*, 789 F.2d at 1331. Plaintiff makes no argument regarding his likelihood of success on the merits of his claims; rather, Plaintiff merely reasserts them. Additionally, his claims are not particularly complex, and, upon revisiting Plaintiff's previous filings in this case, the Court finds no indication that Plaintiff will not be able to articulate and litigate them. In fact, the Court notes that Plaintiff's initial and amended complaints, as well as his numerous motions, have been generally thorough and articulate, and he has been able to demonstrate this ability to articulate his positions well through the instant Motion and despite his medical infirmities. Furthermore, typical difficulties experienced by pro se prisoner litigants, such as a lack of financial resources, a lack of legal training, limited access to legal resources, and prison transfers, do not establish exceptional circumstances. *Estrada v. Macis*, No. 115CV01292AWISABPC, 2017 WL 1207882, at

*1 (E.D. Cal. Mar. 3, 2017); *Brinkman v. Ryan*, No. CV1500827PHXROSBSB, 2018 WL 9943471, at *1 (D. Ariz. Mar. 6, 2018). The Court also notes that a trial date has not been set in this matter; thus, a request for counsel to better enable Plaintiff to cross-examine trial witnesses is premature at this time. For the foregoing reasons, and in the absence of exceptional circumstances,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 45) is **denied without prejudice**.

Dated this 28th day of June, 2021.

Honorable Rosemary Márquez
United States District Judge