**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Freeman, | No. CV-20-00287-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

Currently pending before the Court are Plaintiff's Motion for Extension of the Court's Scheduling Order Deadlines (Doc. 63), Plaintiff's second Motion for Leave to File Supplemental Complaint (Doc. 66), Defendant's Motion for Reconsideration (Doc. 71), and Defendant's Motion for Summary Judgment (Doc. 75). The Court addresses below all pending Motions except Defendant's Motion for Summary Judgment, which will be resolved separately after it is fully briefed.

**I.    Plaintiff's Motion for Extension of the Court's Scheduling Order Deadlines**

The Court issued its original Scheduling Order in the above-captioned case on November 5, 2020. (Doc. 11.) The Court subsequently granted multiple extensions of the deadlines set forth in the Scheduling Order (Docs. 24, 39, 70), granted Plaintiff leave to file a First Amended Complaint ("FAC"), directed Defendant Shinn in his official capacity to answer Count I of the FAC for prospective injunctive relief only, and denied a motion Plaintiff had filed seeking leave to file a supplemental complaint (Doc. 55).

Discovery closed on June 17, 2021. (Doc. 39.) On July 15, 2021, Plaintiff filed a

Motion for Extension of the Court's Scheduling Order Deadlines for Discovery of Facts in his First Amended Complaint.[1]  (Doc. 63.)  In the Motion, Plaintiff requests a 75-day extension of discovery.  (*Id.*)  Defendant Shinn filed a Response, arguing that Plaintiff has not shown why the Court should re-open discovery and has not identified what discovery Plaintiff believes he needs.  (Doc. 65.)  Plaintiff filed a Reply, in which he concedes that his Motion does not indicate what discovery he needs or why he could not have sought it prior to the close of discovery.  (Doc. 68.)  However, Plaintiff asserts that these questions "have been answered" because on July 21, 2021, he served Defendant Shinn with six additional requests for production and ten additional requests for admission.  (*Id.*)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."[2]  To satisfy this "good cause" standard, a party must show that the pretrial schedule "'cannot reasonably be met despite'" his diligence.  *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P.  16 advisory committee's notes to 1983 amendment).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" and whether the moving party was diligent.  *Id.*  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*

The following factors should be considered in ruling on a motion to amend a Rule 16 scheduling order to re-open discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

---

[1] The Certificate of Service indicates Plaintiff mailed the Motion on July 13, 2021.  (Doc. 63 at 2.)

[2] Furthermore, Federal Rule of Civil Procedure 6(b) states that a court may extend a deadline "for good cause," including "on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).

1    *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

2         Plaintiff filed his Motion for Extension of Scheduling Order Deadlines over a

3    month after the Court had granted him leave to file an Amended Complaint, and after

4    discovery had closed.   The Court recognizes that the filing of Plaintiff's Amended

5    Complaint could potentially necessitate additional discovery.   However, because

6    Plaintiff's Motion does not specify the discovery that Plaintiff seeks, the Court cannot

7    conclude that the discovery could not have been obtained prior to the close of discovery

8    with reasonable diligence, nor can the Court conclude that the discovery will lead to

9    relevant evidence.  *See City of Pomona*, 866 F.3d at 1066.  On the record before it, the

10   Court does not find that Plaintiff has satisfied the standard for re-opening discovery or

11   shown good cause to expand the Scheduling Order's limits on discovery requests.

12        The Court will deny Plaintiff's Motion without prejudice and with leave to file a

13   motion pursuant to Federal Rule of Civil Procedure 56(d).   Federal Rule of Civil

14   Procedure 56(d) allows a district court to defer considering a summary judgment motion

15   and allow time to take additional discovery if the party against whom a motion for

16   summary judgment is filed "shows by affidavit or declaration that, for specified reasons,

17   it cannot present facts essential to justify its opposition."  Plaintiff should take note that a

18   party invoking Rule 56(d) "must show: (1) that [he] ha[s] set forth in affidavit form the

19   specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought

20   exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment

21   motion."  *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138

22   F.3d 772, 779 (9th Cir. 1998).  If the party fails to meet these requirements, the district

23   court may properly deny further discovery and proceed to summary judgment.  *See id.*

24   **II.    Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 66)**

25        On July 29, 2021, Plaintiff filed a Motion for Leave to File Supplemental

26   Complaint (Doc. 66) and a proposed Supplemental Complaint (lodged at Doc. 67).

27   Defendant filed a Response in opposition (Doc. 69), and Plaintiff filed a Reply (Doc. 72).

28        In his proposed Supplemental Complaint, Plaintiff alleges as follows: In October

2020, Plaintiff was transported for an off-site medical procedure.  He tested negative for COVID-19 before leaving for the off-site procedure.  Medical Transportation Officers Nunez and Mosely removed their face masks during Plaintiff's transportation to and from the procedure, and they failed to undergo proper health screenings when entering Arizona Department of Corrections ("ADOC") facilities.  Upon Plaintiff's return, his temperature, heart rate, and blood pressure were checked, but he was not again tested for COVID-19, and he was not quarantined.  Plaintiff thereafter fell ill with COVID-19 and infected his unit.  Based on these factual allegations, Plaintiff raises two counts under the Eighth Amendment alleging that Defendants were deliberately indifferent to his safety.  He appears to name as defendants ADOC Director David Shinn, Centurion Director Dr. Wendy Orm, Centurion, Officer Nunez, Officer Mosely, Lieutenant Mendoza, Sergeant Leslie, Captain Baker, Captain Keili, and Warden Ramos.  He purports to sue all defendants in their individual capacities, and he seeks both compensatory and punitive damages.

The factual allegations of the currently proposed Supplemental Complaint are substantively identical to those of a previously proposed Supplemental Complaint that Plaintiff sought leave to file on January 7, 2021.  (Docs. 19, 20.)  In a June 7, 2021 Order, the Court denied leave to file the previously proposed Supplemental Complaint, finding that it failed to state a claim against any defendant named therein and that, with respect to the officers who transported Plaintiff to his off-site medical appointment, it at most alleged negligence rather than deliberate indifference.  (Doc. 55 at 25-27.)

In Response to Plaintiff's currently pending Motion for Leave to File Supplemental Complaint, Defendant Shinn argues that because Plaintiff's newly proposed Supplemental Complaint repeats the allegations of his previously proposed Supplemental Complaint and Plaintiff has not demonstrated how the newly proposed Supplemental Complaint is substantively different, the Court's prior ruling "should operate as law of the case."  (Doc. 69 at 2-3.)  In his Reply, Plaintiff argues that the conduct of Officers Nunez and Mosely amounts to more than negligence and that the

officers' supervisors are also liable.  (Doc. 72.)

Because Plaintiff has not explained how the factual allegations of his currently proposed Supplemental Complaint differ in any substantive way from those of his previously proposed Supplemental Complaint, the Court construes his Motion for Leave to File Supplemental Complaint as seeking reconsideration of the Court's June 7, 2021 Order (Doc. 55).  Absent good cause shown, a motion for reconsideration must be filed within 14 days of the filing of the Order that is the subject of the motion.  LRCiv 7.2(g)(2).  Furthermore, the "Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).  Plaintiff has not shown manifest error, new facts, or new legal authority warranting reconsideration of the Court's June 7, 2021 Order, nor has he shown good cause for failing to move for reconsideration within 14 days of the date that Order was filed.

As the Court previously found, the factual allegations against Medical Transportation Officers Nunez and Mosely do not rise above the level of negligence and therefore fail to state an Eighth Amendment threat-to-safety claim.  The factual allegations against the supervisors of those officers do not support a conclusion that any of the named supervisory defendants were deliberately indifferent to Plaintiff's alleged immediate need for a COVID-19 test or medical isolation upon his return from the off-site medical appointment.  And to the extent that Plaintiff alleges supervisory defendants failed to micromanage the conduct of Nunez and Mosely, a supervisor is liable under 42 U.S.C. § 1983 for the constitutional violations of his or her subordinates only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  The newly proposed Supplemental Complaint fails to plausible allege constitutional violations by Nunez or Mosely, much less that any supervisory defendant is liable for such violations.  Plaintiff's Motion for Leave to File Supplemental Complaint will be denied.

**III.    Defendant's Motion for Reconsideration**

In his Motion for Reconsideration (Doc. 71), Defendant Shinn asks the Court to reconsider its August 12, 2021 Order (Doc. 70) extending the dispositive motion deadline to August 16, 2021.  Defendant requests that the dispositive motion deadline instead be continued until 30 days after the Court rules on Plaintiff's Motion for Leave to File Supplemental Complaint.  (Doc. 71.)  Plaintiff filed a Response in opposition.  (Doc. 73.) On September 17, 2021, Defendant filed his Motion for Summary Judgment.  (Doc. 75.)

Because Defendant has now filed his Motion for Summary Judgment, the Court will deny Defendant's Motion for Reconsideration as moot to the extent it requests that the dispositive motion deadline be set 30 days after the Court's resolution of Plaintiff's Motion for Leave to File Supplemental Complaint.  Defendant's Motion for Summary Judgment was filed after the dispositive motion deadline had expired; however, Defendant explains in his Motion for Reconsideration the circumstances that led to the delay, and after reviewing the docket, the Court concludes that Defendant's confusion regarding the deadline is reasonable.  Accordingly, the Court will extend the dispositive motion deadline *nunc pro tunc* to September 17, 2021 and will consider Defendant's Motion for Summary Judgment timely.

**IT IS ORDERED** that Plaintiff's Motion for Extension of the Court's Scheduling Order Deadlines (Doc. 63) is **denied without prejudice and with leave to file a motion pursuant to Federal Rule of Civil Procedure 56(d)**.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion for Leave to File Supplemental Complaint (Doc. 66) is **denied**.  The Clerk of Court shall **NOT** file Plaintiff's proposed Supplemental Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration (Doc. 71) is **denied as moot**.

. . . .

. . . .

. . . .

1    **IT IS FURTHER ORDERED** that the dispositive motion deadline is extended

2    *nunc pro tunc* to September 17, 2021, and Defendant's Motion for Summary Judgment

3    (Doc. 75) is deemed timely.

4        Dated this 22nd day of September, 2021.

5

6

7

8        _____

9        Honorable Rosemary Márquez
         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28