**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Freeman, | No. CV-20-00287-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

Pending before the Court are Plaintiff's Motion for Issuance of Subpoena (Doc. 82) and Motion for Leave to File a Supplemental Complaint (Doc. 85). Defendant responded to both Motions. (Docs. 83, 88.) For the following reasons, the Motions will be denied.

**I.     Background**

Plaintiff filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983 connected to his incarceration at Arizona State Prison Complex ("ASPC")-Tucson. (*See* Doc. 1.) The Court ordered Defendant Shinn in his official capacity to respond to Plaintiff's claims for prospective injunctive relief, and dismissed all other claims and defendants on screening under 28 U.S.C. § 1915(A). (*See* Doc. 6.)

Plaintiff thereafter sought leave to file a First Amended Complaint ("FAC") (Doc. 17) and leave to file a Supplemental Complaint (Doc. 19). The Court granted leave to amend, ordered Shinn in his official capacity to answer Count I of the FAC for prospective injunctive relief, and dismissed on screening all other claims and defendants

in the FAC. (Doc. 55; *see also* Docs. 56, 60.) The Court denied leave to file a Supplemental Complaint, finding that the proposed Supplemental Complaint failed to state a claim on which relief could be granted against any of the defendants named therein. (Doc. 55; *see also* Doc. 20.)

After discovery had closed, Plaintiff filed another Motion for Leave to File Supplemental Complaint (Doc. 66) and a Motion to Extend Discovery (Doc. 63). The Court denied the second Motion for Leave to File Supplemental Complaint because the proposed Supplemental Complaint merely repeated allegations that Plaintiff had already sought to introduce in his prior Motion for Leave to File Supplemental Complaint, and the Court found no basis for reconsidering its prior Order. (Doc. 78; *see also* Docs. 19, 20, 55.) The Court denied Plaintiff's Motion to Extend Discovery without prejudice and with leave for Plaintiff to file a motion pursuant to Federal Rule of Civil Procedure 56(d). (*Id.*)

On September 17, 2021, Defendant Shinn filed a Motion for Summary Judgment (Doc. 75.) The Court granted Plaintiff an extension of time to respond to the Motion for Summary Judgment (Doc. 80), but the extended response deadline expired on November 22, 2021, and to date Plaintiff has not filed a response or a Rule 56(d) motion.

## II.     Motion for Issuance of Subpoena

Plaintiff requests that a subpoena be issued to "Warden Jeff Van Winkle Librarian – Mr. Pinney, Mail & Property CO II Kinser CO II Lozano" for "25 pages of medical/confidential and legal records." (Doc. 82.) Defendant Shinn opposes the Motion, arguing that (1) Plaintiff could have sought a further extension of the discovery deadline of June 17, 2021, but he failed to do so, (2) Plaintiff could have served a request for production before expiration of the discovery deadline and could have requested copies of his medical records by following prison policy; and (3) Defendant's Motion for Summary Judgment is now pending and Plaintiff has not shown, pursuant to Federal Rule of Civil Procedure 56(d), that he "cannot present facts essential to justify [his] opposition" without the sought-after documents. (Doc. 83.) In reply, Plaintiff contends

that he has exhausted prison procedures for obtaining the records and that the records were unconstitutionally confiscated. (Doc. 87.)

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. A subpoena "may command a person to attend a trial, hearing, or deposition" or produce "documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(c)(1)-(2).

General Order 18-19 sets forth the procedural requirements for pro se litigants who wish to serve subpoenas. Pro se litigants must (1) file a motion "in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents." Gen. Ord. 18-19. Requests for subpoenas that do not comply with these requirements will be denied. *See Withers v. Beecken Petty O'Keefe & Co.*, No. CV1703391PHXDWLJZB, 2019 WL 1153440, at *2 (D. Ariz. Mar. 13, 2019).

Discovery in this matter closed on June 17, 2021. (Docs. 39, 78.) Plaintiff has not moved for relief under Federal Rule of Civil Procedure 56(d), nor has he shown in his Motion for Issuance of Subpoena that the documents at issue are necessary for him to present facts in opposition to Defendants' Motion for Summary Judgment. Moreover, although Plaintiff asserts that he exhausted the prison procedures for requesting the documents, he provides no evidence to support this assertion. Lastly, Plaintiff has not complied with the requirements of General Order 18-19 because he has not attached a copy of a proposed subpoena nor stated with particularity the reasons for seeking the documents. Accordingly, the Motion for Issuance of Subpoena will be denied.

**III.   Motion for Leave to File a Supplemental Complaint**

Plaintiff's Motion seeks leave to file a Supplemental Complaint based on allegations that his medical/legal records relevant to this lawsuit were illegally confiscated. (Doc. 85.) On February 4, 2022, Defendant Shinn filed a Response (Doc. 88) and a Notice of Service of Confiscated Records (Doc. 89), in which he avers that the

documents that were the subject of the Motion for Leave to File a Supplemental Complaint were served on Plaintiff. In Reply, Plaintiff states that the documents Shinn produced are "a copy of the original set" and that he is requesting a copy of the medical records that were confiscated. (Doc. 90.) However, Plaintiff does not differentiate between the "original set" and the confiscated records. (*Id.*) Nor does he contend that the copy Shinn provided to him is inadequate or incomplete in any way. (*Id.*) Accordingly, the Court credits Defendant Shinn's averment that Plaintiff's medical records have been produced. (*See* Doc. 89.)

Because Plaintiff now has his medical records in his possession, the Motion for Leave to File a Supplemental Complaint is moot to the extent the proposed Supplemental Complaint requests injunctive relief. To the extent the proposed Supplemental Complaint requests monetary damages, it fails to state a claim on which relief can be granted, as it fails to allege actual injury from the temporary confiscation of Plaintiff's records.[1]

To prevail on an access-to-courts claim, a plaintiff must, among other elements, establish "actual injury" by demonstrating that the defendants' acts or omissions hindered the plaintiff's "efforts to pursue a [nonfrivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated on other grounds*, 555 U.S. 1150 (2009). Here, Defendant's Motion for Summary Judgment remains pending, and although Plaintiff alleges in his proposed Supplemental Complaint that the confiscation of his records prevented him from responding to the Motion for Summary Judgment, the confiscation did not prevent Plaintiff from filing a further motion to extend his response deadline, nor did it prevent him from filing a motion seeking relief under Federal Rule of Civil Procedure 56(d). Plaintiff may still seek permission to file an untimely response upon a showing of good cause for his delay.[2]

---

[1] Furthermore, the proposed Supplemental Complaint impermissibly "introduce[s] a separate, distinct[,] and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks omitted).

[2] Plaintiff's proposed Supplemental Complaint also alleges that his lack of access to the records interfered with his ability to file a clemency application. (*See* Doc. 86 at 3-4.) However, the right of access to the courts does not implicate clemency proceedings in Arizona, as those occur outside of the courts. *See Lewis*, 518 U.S. at 351 ("meaningful access to the courts is the touchstone" of the right to access the courts); *Schad v. Brewer*,

- 4 -

Because Plaintiff's proposed Supplemental Complaint fails to state a claim on which relief can be granted, Plaintiff's Motion for Leave to File a Supplemental Complaint will be denied.

Accordingly,

**IT IS ORDERED** that the Motion for Issuance of Subpoena (Doc. 82) and Motion for Leave to File a Supplemental Complaint (Doc. 85) are **denied**.

Dated this 4th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge

---

732 F.3d 946, 947 (9th Cir. 2013) ("The Clemency Board in Arizona is appointed by the Governor and issues recommendations to the Governor. The Governor may grant clemency only when the Board recommends it.") Furthermore, Plaintiff does not allege that his clemency application was denied or otherwise hindered due to his inability to attach the records.